UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL P. HEFFERN,

Plaintiff,

v.

DR. NANCY MARTHAKIS, et al.,

Defendants.

CAUSE NO.: 3:18-CV-881-RLM-MGG

OPINION AND ORDER

Michael P. Heffern, a prisoner without a lawyer, filed a complaint alleging he was denied medical treatment for a painful lump on his sternum in violation of the Eighth Amendment. The court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . .." Erickson v. Pardus, 551 U.S. 89, 94 (2007). "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006).

Mr. Heffern is an inmate at the Indiana State Prison. On July 5, 2018, he noticed that a small lump on his sternum was growing and becoming painful. The next day he saw Nurse Dan, who referred him to see Dr. Nancy Marthakis.

On July 18, he met with Dr. Marthakis, who informed him that she was "going to order x-rays and labs." A week later, Mr. Heffern had three x-rays taken of his sternum. He was also given a 20-day prescription of Tylenol. The results of the x-rays came back normal, but no lab work was performed.

On August 1, Mr. Heffern submitted a medical request asking about the labs Dr. Marthakis told him she ordered. In response, Nurse Dan told Mr. Heffern that no lab work was ordered and told Mr. Heffern, "Standard lab tests won't tell us much about lumps." Mr. Heffern continued to ask for the labs to be ordered. Mr. Heffern finally went in for lab work on August 28, but he has never been told of the results. Mr. Heffern fears his lump is cancerous.

Mr. Heffern had another set of sternum x-rays taken on September 12. Even though the x-rays taken in July were normal, Dr. Marthakis told Mr. Heffern that the second set of x-rays revealed, "that the cartilage [sic] on the bottom of my sternum decided that one day it was just going to flip itself around and upside down." On October 10, Mr. Heffern submitted another health care request form, but Nurse Dan ignored it. When he filed his complaint, Mr. Heffern continues to be in pain and still has a two-inch lump on his sternum. He hasn't received any more pain medication or further treatment. Nurse Dan told Mr. Heffern that "there was nothing they were going to do to fix the lump." Mr. Heffern sues Dr. Marthakis, Nurse Dan and Nurse Lacy for injunctive relief and money damages for ignoring his requests and denying him medical care for the lump on his sternum.

In medical cases, the Eighth Amendment is violated only when a defendant was deliberately indifferent to an inmate's serious medical needs. <u>Gutierrez v. Peters</u>, 111 F.3d 1364, 1369 (7th Cir. 1997).

> For a medical professional to be liable for deliberate indifference to an inmate's medical needs, he must make a decision that represents such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment.

<u>Jackson v. Kotter</u>, 541 F.3d 688, 697 (7th Cir. 2008) (quotation marks and citations omitted). Medical malpractice and incompetence don't amount to deliberate indifference. <u>Walker v. Peters</u>, 233 F.3d 494 (7th Cir. 2000). Neither does mere "disagreement with medical professionals . . . state a cognizable Eighth Amendment Claim under the deliberate indifference standard of *Estelle v. Gamble* [429 U.S. 97 (1976)]." <u>Ciarpaglini v. Saini</u>, 352 F.3d 328, 331 (7th Cir. 2003).

Mr. Heffern alleges that Dr. Marthakis and Nurse Dan knew the lump on his sternum required immediate medical attention, but delayed and denied him getting treatment. Because the complaint alleges that he is suffering from an obvious medical condition that these two medical providers have largely ignored and now refuse to treat, the complaint states a claim. *See* <u>Gutierrez v. Peters</u>, 111 F.3d at 1369; <u>Arnett v. Webster</u>, 658 F.3d 742, 752-753 (7th Cir. 2011); <u>Grieveson v. Anderson</u>, 538 F.3d 763, 779 (7th Cir. 2008).

Mr. Heffern hasn't stated a claim on which relief could be granted against Nurse Lacy. Although she is named as a defendant in the caption of the nineteen-

page complaint, Mr. Heffern hasn't alleged that Nurse Lacy violated his constitutional rights in any way. He hasn't stated a plausible claim against her.

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Dr. Marthakis and Nurse Dan for compensatory and punitive damages for denying him proper medical treatment for the lump on his sternum beginning on July 18, 2018, in violation of the Eighth Amendment;

(2) GRANTS the plaintiff leave to proceed against Dr. Marthakis for injunctive relief to obtain medical treatment for the lump on his sternum, as required by the Eighth Amendment;

(3) DISMISSES any and all other claims contained in the complaint;

(4) DISMISSES Nurse Lacy as a defendant;

(5) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Dr. Marthakis and Nurse Dan at the Indiana Department of Correction with a copy of this order and the complaint as required by 28 U.S.C. § 1915(d); and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Dr. Marthakis and Nurse Dan respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on January 24, 2019

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT